UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAQUEL M. ALANIS, and | § | |
| FORTEZZA ENTERPRISES, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3007-B |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, AS TRUSTEE | § | |
| FOR THE REGISTERED HOLDERS | § | |
| OF MORGAN STANLEY ABS | § | |
| CAPITAL 1 TRUST 2007-NC2, | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2007-NC2, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss First Amended Complaint (doc. 6), filed October 2, 2014. For the reasons that follow, Defendant's Motion is **GRANTED**.

I.

BACKGROUND

This is an action to invalidate a home equity lien under article XVI, section 50(a) ("Section 50(a)(6)") of the Texas Constitution. As best the Court can tell from the pleadings, Plaintiff Raquel Alanis ("Plaintiff") is the current owner of real property located at 5301 Saddleback Road, Garland, Texas 75043 (the "Property"). Doc. 6, First Amended Complaint ¶¶ 1, 7. To purchase the Property, Plaintiff took out a home equity loan from Home 123 Corporation ("Home 123"), in return for which she executed and delivered to Home 123 a home equity lien (the "Lien") on the Property. *Id.* ¶¶ 7–8;

doc. 7, Appendix in Support of Defendant's Motion to Dismiss, Ex. A – Home Equity Lien 2–22.
The Lien was subsequently transferred to Defendant Deutsche Bank National Trust Company, as
Trustee for the Registered Holders of Morgan Stanley ABS Capital 1 Trust 2007-NC2, Mortgage
Pass-Through Certificates, Series 2007-NC2 ("Defendant"). FAC ¶ 8.

Plaintiffs originally filed this action in state court on August 1, 2014. Doc. 1-5, Original
Petition. In their Original Petition, Plaintiffs alleged that the Lien violated Section 50(a)(6) because
it (1) had a loan-to-value ratio that exceeded eighty percent and (2) included charges of more than
three percent to "originate, evaluate, maintain, record, insure or service the extension of credit."
Orig. Pet. ¶ 15. As a result of these alleged violations, Plaintiffs sought, among other things, a
declaration declaring the Lien invalid. *Id.* ¶ 19.

Plaintiffs filed their First Amended Complaint on September 18, 2014. Although substantially
the same as Plaintiffs' Original Petition in terms of its factual content, Plaintiffs' First Amended
Complaint includes an additional claim that Texas Rule of Civil Procedure 736 ("Rule 736") violates
Section 50(a)(6) because "it denies Plaintiff the ability to file an Answer containing defenses to the
Deed of Trust." FAC ¶ 5.

On October 2, 2014, Defendant moved to dismiss Plaintiffs' First Amended Complaint,
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon
which relief can be granted. Doc. 6, Motion to Dismiss. Plaintiffs filed a response to Defendant's
Motion to Dismiss on October 22, 2014, to which Defendant replied on November 5, 2014. Docs.
8, Response; 10, Reply. Accordingly, Defendant's Motion to Dismiss is now ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Applying the above standard, and as explained in detail below, the Court concludes that both of Plaintiffs' constitutional claims fail as a matter of law.

A.     *Plaintiffs' Section 50(a)(6) claims*

The Court first considers Plaintiffs' Section 50(a)(6) claims. Defendant moves to dismiss Plaintiffs' Section 50(a)(6) claims on the grounds that (1) they are barred by the applicable statute of limitations, and (2) even if they are not, they are barred under the doctrine of judicial estoppel. For the reasons that follow, the Court agrees with Defendant that Plaintiffs' Section 50(a)(6) claims are barred by the statute of limitations. Accordingly, the Court need not address Defendant's judicial estoppel argument.

With certain exceptions, Section 50(a) prohibits borrowers from foreclosing on an individual or family's home to recover a debt. TEX. CONST. art. XVI, § 50(a). One of those exceptions is for a loan that is secured by a voluntary lien on the home. *Id.* § 50(a)(6). However, for this exception to apply, the lender must ensure, among other things, that the principal amount of the loan does not exceed eighty percent of the fair market value of the home and "does not require the owner . . . to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit." *Id.* § 50(a)(6)(B), (E). A lender who fails to comply with these obligations within sixty days of receiving notice from the borrower of its noncompliance forfeits its right to all principal and interest of the loan. *Id.* § 50(a)(6)(Q)(x). A homeowner wishing to bring a claim against a lender under Section 50(a)(6) must do so within four

years from the date the lien was executed. *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674–75 (5th Cir. 2013) (holding that Tex. Civ. Prac. & Rem. Code § 16.051's four-year limitations period applies to claims under section 50(a)(6)).[1]

In this case, the Lien on Plaintiff's property was closed on October 25, 2006. As such, Plaintiffs had until October 25, 2010 to assert any claims related to the loan-to-value ratio or fees charged at origination of the loan. Plaintiffs did not file this lawsuit alleging violations of Section 50(a)(6), however, until August 1, 2014, nearly eight years after the closing of the Lien. Accordingly, Plaintiffs' Section 50(a)(6) claims are barred by the statute of limitations.

B.    *Plaintiffs' claim regarding the constitutionality of Rule 736*

The Court next considers Plaintiffs' claim that Rule 736 violates Section 50(a)(6) because the rule "denies Plaintiffs the ability to file an Answer containing defenses to the Deed of Trust." FAC ¶ 18. Defendant argues that this claim should be dismissed because in direct conflict to Plaintiffs' assertion, Rule 736 actually provides a borrower with multiple avenues for asserting defenses to foreclosure. Def. Br. 10–11. In response, Plaintiffs insist that Rule 736 violates Section 50(a)(6) because it explicitly prohibits a borrower from raising any independent claims for relief in

---

[1] To the extent that Plaintiffs argue that *Priester* was decided in error because it failed to consider the Texas Supreme Court's decision in *Fin. Comm'n of Texas v. Norwood*, 418 S.W.3d 596 (Tex. 2013), Plaintiffs' argument is without merit. Contrary to Plaintiffs' suggestion, *Norwood* had nothing to do with whether a four-year statute of limitations applies to claims under Section 50(a)(6). Rather, the question presented in *Norwood* was whether a regulation promulgated by the Financial Commission of Texas that would have defined the term "interest" under Section 50(a)(6)(E) to correspond to the definition of the usury provision in the Texas Finance Code was invalid. *Id.* at 586–87. Moreover, since *Norwood* was decided, the Fifth Circuit has repeatedly reaffirmed that *Priester* is controlling in Section 50(a)(6) cases such as this one, *see Bormio Investments, Inc. v. USBC Bank USA Nat. Ass'n*, 574 F. App'x 417, 418 (5th Cir. 2014); *Kramer v. JP Morgan Chase Bank, N.A.*, 574 F. App'x 370, 374 (5th Cir. 2014); *Sigaran v. U.S. Bank Nat. Ass'n*, 560 F. App'x 410, 414–15 (5th Cir. 2014), as have the Texas appellate courts. *See e.g.*, Santiago v. Novastar Mortgage, Inc., 443 S.W.3d 462, 469 (Tex. App.—Dallas 2014).

the Rule 736 proceeding, and because Rule 736 violates Rule 50(a)(6)(D)'s command that home equity loans may only be foreclosed upon by court order. Resp. ¶¶ 8–9.

Here, too, the Court agrees with Defendant that Rule 736 does not violate Section 50(a)(6). Relevant to the Court's inquiry, article XVI, section 50(r) of the Texas Constitution specifically requires the Texas Supreme Court to "promulgate rules of civil procedure for expedited foreclosure proceedings related to the foreclosure of liens under Subsection (a)(6) of this section and to foreclosure of a reverse mortgage lien that requires a court order." TEX. CONST. art. XVI, § 50(r). Rule 736 represents the Supreme Court's response to that directive. "[It] provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale in the security instrument . . . including a lien securing . . . a home equity loan . . . under article XVI, section[] 50(a)(6) . . . of the Texas Constitution." *Id.* § 735.1. Thus, contrary to Plaintiffs' contention, Rule 736 does not vitiate Section 50(a)(6)'s requirement that a borrower obtain a court order to foreclose on a home equity loan. Rather, it merely provides the procedure for obtaining an order on an expedited basis.

Moreover, because Rule 736 merely provides the procedure for obtaining a court order in an expedited fashion, Rule 736 "does not alter any foreclosure requirement or duty imposed under applicable law or the terms of the loan agreement, contract, or lien sought to be foreclosed." *Id.* § 735.2; *see also id.* § 735.3 (noting that judicial foreclosure is unaffected by Rule 736). Borrowers who wish to assert defenses under any of these documents, which necessarily include the deed of trust, may do so either by filing a response to the lender's Rule 736 foreclosure application or by initiating an independent proceeding to assert any defense or claim related to the subject property or loan, including defenses to the security instrument itself. *Id.* §§ 736.5, 736.11. If a borrower elects to file

-6-

a separate action, the Rule 736 proceeding is automatically stayed. *Id.* § 736.11(a). Thus, while Plaintiffs are correct in their observation that Rule 736 prohibits a borrower from raising any independent claims for relief in the Rule 736 proceeding itself, Rule 736 does not in any way prevent or prohibit the borrower from asserting a "defense to the Deed of Trust."

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Deutsche Bank's Motion to Dismiss Plaintiffs' First Amended Complaint. Moreover, because both of Plaintiffs' claims fail as a matter of law and not as a result of Plaintiffs' failure to plead sufficient facts, the Court hereby **ORDERS** that Plaintiffs' First Amended Complaint be **DISMISSED with prejudice**. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (observing that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . .").

SO ORDERED.

SIGNED: February 9, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-7-